UNITED STATES of America, Plaintiff,

v.

**ONE PARCEL OF REAL PROPERTY LOCATED AT 1310 WEST FOURTH STREET, SYLACAUGA, ALABAMA, TOGETHER WITH ALL IMPROVEMENTS, FIXTURES AND APPURTENANCES THEREON, Defendant.**

**Civ. A. No. 92–AR–0902–E.**

United States District Court,
N.D. Alabama, E.D.

Aug. 26, 1992.

---

Jack W. Selden, James D. Ingram, U.S. Attys. Office, Birmingham, Ala., for plaintiff.

## ORDER

ACKER, District Judge.

The above-entitled civil action was filed by the United States of America on April 16, 1992. It not only seeks the forfeiture of certain described real property *in rem* but states the names and addresses of three possible claimants to that property. *Inter alia,* plaintiff "requests that due process issue to enforce the forfeiture and to give notice to the interested parties". On April 20, 1992, this court entered an order requiring that notice be given to all necessary parties, in particular giving "persons in interest ten (10) days within which to file claims" and informing them that the court would "conduct a 'probable cause' hearing on May 29, 1992". Thereafter, on May 18, 1992, plaintiff moved for a stay. The stay was granted and the "probable cause" hearing scheduled for May 29, 1992, cancelled, but on May 21, 1992, the court entered a special order which stated unequivocally, *inter alia:*

> The court does not want, by its order entered on May 21, 1992, to mislead or to give a false sense of security to plaintiff, United States, in the above-entitled cause. The stay was not intended to, and did not, relieve plaintiff from the requirements that it give the proper notice or notices according to the applicable statutory and constitutional mandates. In other words, plaintiff was not relieved of its obligations to provide "due process" to the real property sought to be forfeited and to any possible claimants known to plaintiff.

From April 16, 1992, until this date, plaintiff has filed nothing to indicate the giving of notice to or of service upon either the real property or any of the potential claimants admittedly known to plaintiff. Neither has plaintiff made any attempt to show cause why it should be relieved of the requirements made plain by the order of May 21, 1992.

Because more than 120 days have elapsed since the filing of the complaint without any service having been perfected, and with no attempt having been made to show good cause why plaintiff should be relieved of the requisites of Rule 4(j), F.R.Civ.P., and for aught appearing plaintiff having not complied with the order entered on April 20, 1992, requiring notice pursuant to Supplemental Rule C(4) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the above-entitled action is hereby DISMISSED without prejudice for want of prosecution.

If plaintiff is correct that without an actual seizure of the defendant property, this court is without jurisdiction of the *res*, then this court would agree with *U.S. v. Parcel of Real Estate,* 715 F.Supp. 360, 363 (S.D.Fla.1989), that "it is necessary that the *res* itself be brought into the jurisdiction of the court *within a reasonable period of time following the filing of the action*". (emphasis supplied). The Southern District of Florida there cited as its guideline for timeliness Rule 4(j). Of course, plaintiff knows this court disagrees with plaintiff that a pre-hearing seizure is to be routinely ordered in these kinds of cases. *See United States v. That Certain Real Property Located at 632–636 Ninth Avenue, Calera, Alabama, etc.,* 798 F.Supp. 1540 (N.D.Ala.1992).

In the event plaintiff has filed a *lis pendens* notice affecting the real property described in the complaint, the said *lis pendens* notice is hereby VACATED. In other words, the United States, as of this moment, has no right, title, claim or interest in and to the following described real property:

One parcel of real property located at 1310 West Fourth Street, Sylacauga, Alabama, together with all improvements, fixtures and appurtenances thereon, more particularly described as follows: Commence at the Southwest corner of Lot No. 8 in Block "A" of the West View Subdivision as shown by map of said subdivision on record in the Office of the Judge of Probate of Talladega County, Alabama, in Plat Book 1 at Page 174, said point being the point of beginning. From this beginning point proceed East along the South boundary of said Lot No. 8 and Lot No. 7 for a distance of 161 feet to a point; thence proceed North for a distance of 350 feet to a point on the North boundary line of Lot No. 4 of Block "A" of said subdivision, which point lies 15 feet West of the Northeast corner of said Lot No. 4; thence proceed West along the North boundary of said Lot No. 4 of Block "A" for a distance of 225 feet to a point; thence proceed Southeasterly in a straight line to the point of beginning, said tract being all of Lot No. 8 of Block "A" and a part of Lots 4, 5 and 7, Block "A" of said West View Subdivision.